UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABU BAKR LADD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV02219AGF |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants, Lt. Col. David Heath, Lt. Jack Huelsmann, Chief Daniel Isom, Sgt. Joseph Lehman, former Chief Joseph Mokwa, and Lt. Col. Paul Nocchiero, to dismiss (Doc. No. 89) Plaintiff's Second Amended Civil Action Complaint ("the second amended complaint") and on Plaintiff Abu Bakr Ladd's request for leave to file a third amended complaint. (Doc. No. 95.)

**Background**

In its March 31, 2102 Memorandum and Order (Doc. No. 84) ruling on Defendant's motion to dismiss Plaintiff's Amended Complaint (Doc. No. 35), the Court dismissed all claims in that complaint except for: the allegations in Count I, brought pursuant to 42 U.S.C. §1983 asserting religious discrimination, the allegations in Count III other than those asserting a due process violation premised upon *Brady v. Maryland*, 373 U.S. 83 (1963), and the allegations in Count X asserting a civil conspiracy under the color of state law to violate Plaintiff's constitutional and other rights. *See* Doc. No. 84, p.

1

23-24. In addition, the remaining claims were dismissed with respect to all other defendants then named in the action and survived only to the extent that they were alleged against Defendants Heath, Huelsmann, Isom, Lehman, Mokwa, and Nocchiero, in their individual capacities. *See id*.

For purposes of clarifying the remaining claims, the Court granted Plaintiff leave to file a second amended complaint. *See* Doc. No. 85. The Court ordered Plaintiff to set forth only those allegations applicable to the remaining counts and claims of the first amended complaint and to explicitly state the factual basis of Defendants' alleged roles in the civil conspiracy claim set forth in Count X of the first amended complaint. *See id.* Despite the Court's directive, Plaintiff reasserted in his second amended complaint claims that the Court had previously dismissed, specifically, the claims set forth in Counts I, III and IV of the second amended complaint arising under 42 U.S.C. §§ 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws; Count II of the second amended complaint alleging due process violations arising from the failure to disclose *Brady* evidence; and in Count IV of the second amended complaint, demands for declaratory and injunctive relief. *See* Doc. No. 86.

**Defendants' Motion to Dismiss**

Defendants now move to dismiss the previously dismissed claims included in Count I, as well as Counts II and IV of the second amended complaint, asserting that the Court dismissed these allegations in its previous ruling, and that the allegations fail to state a claim upon which relief can be granted, or are time-barred for the reasons stated in the previous ruling.

2

In his response to Defendants' motion to dismiss, Plaintiff concedes with respect to Count I of the second amended complaint that he has improperly reasserted previously dismissed claims. He does not make similar concessions with respect to the claims in Counts II and IV. *See id.* With respect to Count IV, Plaintiff contends that his request for injunctive relief is timely, and that the Court's previous ruling did not operate to dismiss his claims for injunctive and declaratory relief. *See id.*

Plaintiff also seeks leave to file a third amended complaint, essentially to amend the second amended complaint by interlineation, striking the references to "42 U.S.C. §§ 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws" in Counts I-IV of that complaint and inserting instead "42 U.S.C. § 1983." *See* Doc. No. 95

Upon review of the second amended complaint, the Memorandum and Order of March 31, 2012, and the claims dismissed by that Memorandum and Order, the Court concludes that the allegations in Counts I and III of the second amended complaint arising under "42 U.S.C. §§ 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws" should be stricken from Count I of Plaintiff's second amended complaint because they were previously dismissed for the reasons set forth in the Court's earlier ruling. *See* Doc. No. 84 at p. 21-23. In addition, Count II, the claim alleging a due process violation under *Brady v. Maryland* will be dismissed in its entirety for failure to state a claim upon which relief can be granted as set forth in the Court's previous ruling. *See id.* at p. 21. Finally, the Court concludes that the claims in Count IV of the second amended complaint seeking declaratory and injunctive relief under various constitutional

3

amendments and under "42 U.S.C. §§ 1981, 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws" should be stricken as they were previously dismissed as time-barred for the reasons set forth in the Court's Memorandum and Order of March 31, 2012. *See id.* at p. 21-23. To the extent that injunctive and declaratory relief may be available to Plaintiff under § 1983, claims for such relief are not time-barred, but inasmuch as the remaining Defendants are sued only in their individual capacities, the Court questions whether such relief will ultimately be available or prove meaningful to Plaintiff. Nevertheless, to the extent that Count IV seeks injunctive and declaratory relief under § 1983 against Defendants in their individual capacities, that portion of the claim will not be dismissed. *See id.* at p. 21-23.

**Plaintiff's Request for Leave to Amend**

Recognizing that leave to amend should be "freely give[n]. . . when justice so requires," the Court will permit Plaintiff to amend his second amended complaint by interlineation to insert a reference to 42 U.S.C. § 1983 in ¶¶ 81, 84, 87, 89, 92, and 95 of the second amended complaint. Fed. R. Civ. P. 15 (a) (2). The references to the other listed statutes are deemed stricken by virtue of their previous dismissal and this Order.

Therefore, Plaintiff will be permitted to file a third amended complaint, deleting the allegations in Count II; striking the references to "42 U.S.C. §§ 1981, 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws" where they appear in Counts I, III and IV; and inserting a reference to "42 U.S.C. § 1983" in the allegations now set forth in ¶¶ 81, 84, 87, 89, 92, and 95 of the second amended complaint.

4

Inasmuch as Plaintiff has had ample opportunity in this action and in his previous related lawsuit, to craft and refine the allegations of his complaint, no additional changes to the second amended complaint will be permitted.  Plaintiff is cautioned that if he should again fail to comply with the Court's directives regarding the permissible changes to the second amended complaint, the Court has, and may exercise, its authority to dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiff's second amended complaint is **GRANTED in part and DENIED in part.**  (Doc. No. 89.)

**IT IS FURTHER ORDERED** that the references in Count I of Plaintiff's second amended complaint to claims arising under " 42 U.S.C. §§ 1985(3), 1986, 1988, Title VI of the Civil Rights Act of 1964 and other federal laws" shall be stricken as Plaintiff's alleged claims under those statutes were previously dismissed with prejudice for the reasons set forth in the Court's March 31, 2012 Memorandum and Order.

**IT IS FURTHER ORDERED** that Count II of Plaintiff's second amended complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted as set forth in the Court's March 31, 2012 Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's demands for declaratory and injunctive relief under 42 U.S.C. §§ 1981, 1985(3), 1986, 1988, Title VI of the Civil Rights Act of 1964 and other federal laws in Count IV of Plaintiff's second amended complaint are **DISMISSED with prejudice**.  To the extent that Plaintiff alleges claims for

5

declaratory and injunctive relief under 42 U.S.C. § 1983 and against the Defendants in their individual capacities, such claims for relief remain.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to file a third amended complaint is **GRANTED** to the extent set forth herein. Plaintiff will be permitted, on or before **December 14, 2012**, to file a third amended complaint, deleting the allegations in Count II of the second amended complaint; striking the references to "42 U.S.C. §§ 1981, 1985(3), 1986, and 1988, Title VI of the Civil Rights Act of 1964, and other federal laws" where they appear in Counts I, III and IV of the second amended complaint; and inserting a reference to "42 U.S.C. § 1983" in the allegations presently set forth in ¶¶ 81, 84, 87, 89, 92, and 95 of the second amended complaint. Failure to comply with this Order and/or to attempt to amend the second amended complaint to add additional counts or allegations may result in dismissal of this action. (Doc. No. 95.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2012.

6