UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABU BAKR LADD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV02219 AGF |
| | ) |
| PAUL NOCCHIERO, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Abu Bakr Ladd's motion to alter, amend, or vacate judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendants, Lt. Col. David Heath, Lt. Jack Huelsmann, former Chief Daniel Isom, Sgt. Joseph Lehman, former Chief Joseph Mokwa, and Lt. Col. Paul Nocchiero, all former or current employees of the St. Louis Metropolitan Police Department ("SLMPD") (collectively, the "SLMPD Defendants") oppose the motion. For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

## **BACKGROUND**

This action arises out of Plaintiff's arrest and subsequent pretrial detention following a search of his home. Plaintiff contends that Jeffrey Pickering, a former St. Louis City police officer, illegally obtained a warrant for the search of his home on the basis of false information provided by a fictitious confidential informant (CI). Plaintiff asserts that the officer fabricated a basis for the warrant in order to arrest and charge Plaintiff with a crime and to pressure him to act as an informant in an antiterrorism effort

coordinated by the FBI and involving the SLMPD and the Joint Terrorism Task Force ("JTTF"). Plaintiff contends that he was targeted as a possible informant because he is a Muslim.

A gun was recovered during the search of the home and Plaintiff was arrested and charged as a felon in possession of a fireman. He was detained for seventy-seven days until the charge against him was dropped just prior to the initial evidentiary hearing in his case. He alleges that during his detention he was approached by police officers asking him to act as an informant for them regarding activities within the Saint Louis Muslim community, but that he refused to do so.

Thereafter, Plaintiff filed an internal complaint with the SLMPD against the officer who applied for the warrant alleging that the CI did not exist and that the officer had fabricated the information from the nonexistent CI to establish probable cause for the issuance of the search warrant.[1] At the subsequent Internal Affairs Division (IAD) proceeding, five of the six SLMPD Defendants concluded that Plaintiff's complaint should not be sustained.

Plaintiff then filed suit in this District charging constitutional violations arising from the events described here. During that proceeding, (hereinafter referred to as "*Ladd I*") Plaintiff sought from the City of Saint Louis and the SLMPD records related to the IAD proceeding, the issuance of the search warrant and the identity of the CI, but was unable to obtain the records. After confirming the unavailability of documentation

---

[1] Initially, the SLMPD was unable to locate Plaintiff's complaint and he then filed a second complaint.

related to the IAD investigation, the court granted Plaintiff leave to further amend his complaint to allege claims related to possible spoliation. *Ladd I*, Doc. No. 193. Plaintiff did not do so and instead moved for sanctions in that action and filed this suit.[2] *Ladd I* proceeded to trial and Plaintiff prevailed on the portion of his claim alleging constitutional violations by the officer who obtained the search warrant.

Following the conclusion of that suit, Plaintiff filed this action on November 29, 2010, against the City of St. Louis, Missouri; the State of Missouri; the St. Louis Board of Police Commissioners, and its individual members; Jeffrey Pickering, individually, and in his capacity as a police officer; Scott McKelvey, individually and in his capacity as a police officer; Detective Luke J. Adler, individually; and the SLMPD Defendants, individually and in their official capacities. Plaintiff raised numerous claims related to an alleged conspiracy to deprive him of his constitutional rights related to the alleged unlawful search, discrimination against him on the basis of his Muslim faith and the failure of the SLMPD to properly investigate his IAD complaint and preserve evidence related to the issuance of the warrant and the identity of the CI. However, Plaintiff did not initially allege a claim for denial of access to the courts.

All of the then-defendants moved to dismiss Plaintiff's first amended complaint. The Court granted that motion in part and denied it in part, dismissing all of the defendants and claims with the exception of three claims arising under 42 U.S.C. §

---

[2]  In a prior ruling in the present action, this Court addressed the procedural history of *Ladd I* and determined that Plaintiff's assertion that he was precluded from amending the complaint in that case due to warnings from the court lacked merit. *See* Doc. No. 84, at 1-9 & 17.

1983 against the SLMPD Defendants in their individual capacities. *See* Doc. Nos. 84 & 85. In its ruling on the motion to dismiss, the Court granted Plaintiff leave to file a second amended complaint. (Doc. No. 86.) After Plaintiff filed his second amended complaint, the SLMPD Defendants moved to dismiss certain claims in that complaint on the ground that Plaintiff merely re-alleged claims that the Court had previously dismissed. *See* Doc. Nos. 89 & 90. The Court granted the SLMPD's motion and ordered Plaintiff to file a third amended complaint. *See* Doc. No. 97.

In Counts I and II of his third amended complaint ("Third Amended Complaint"), Plaintiff asserted claims under 42 U.S.C. § 1983 against the SLMPD Defendants in their individual capacities. Doc. No. 100 (Third Amended Complaint). Plaintiff alleged that all Defendants conspired to deprive him of his constitutional rights under the First, Fourth and Fourteenth Amendments by failing properly to investigate and preserve evidence related to his IAD complaint that the false statements attributed to the CI rendered the search warrant invalid. *See id.* at ¶¶ 44, 46-51. Plaintiff further alleged that all Defendants acted pursuant to a longstanding custom, policy and practice of the SLMPD of providing false information in affidavits of probable cause to obtain search and seizure warrants. *Id.* at ¶¶ 66, 74-77. In Counts III and IV of the Third Amended Complaint, Plaintiff requested damages and a jury trial with respect to the substantive violations alleged in Counts I and II. *Id.* at ¶¶ 86-93.

The parties engaged in discovery and Defendants then moved for judgment on the pleadings with respect to Plaintiff's Third Amended Complaint. *See* Doc. No. 108. Plaintiff responded to the motion but did not at any time seek leave to further

amend the Third Amended Complaint. On January 2, 2014, the Court granted the SLMPD Defendants' motion for judgment on the pleadings with respect to all claims adduced in the Third Amended Complaint. *See* Doc. No. 132.

Thereafter, Plaintiff filed this motion pursuant to Rule 59(e). In support of the motion, Plaintiff argues that the Court erred in ruling that "no facts in Plaintiff's Third Amended Complaint suggest that the [SLMPD] Defendants discriminated against Plaintiff on the basis of his religious beliefs." *Id*. at 8. Plaintiff asserts that throughout this suit, he consistently alleged in all pleadings that the actions of all Defendants were motivated by religious animus. In support of this assertion, Plaintiff points to earlier allegations that the SLMPD and the JTTF conspired to falsify an affidavit, conduct an unlawful search and arrest, and place him in custody in order to persuade him to act as an informant for the JTTF regarding activities within the St. Louis Muslim community.

Plaintiff also challenges, as legal error, the Court's holding that Plaintiff failed to state a claim for a conspiracy to deprive him of his due process rights with respect to the IAD proceedings. Specifically, Plaintiff contends that language found on the SLMPD website relating to IAD complaints gives rise to an interest protectable under the due process clause. *See id.* Plaintiff further asserts that the Court failed to consider in its previous ruling certain deposition testimony of Defendants Mokwa and Nocchiero, which he characterizes as "new evidence," in support of this conspiracy claim. *See* Doc. No. 137-2, at 1, 6, 13, 17-19, 42-43. Plaintiff also seeks leave to file a fourth amended complaint to assert additional allegations based upon this new evidence. Finally, Plaintiff asserts that he properly alleged a claim for denial of access to the courts.

In response, the SLMPD Defendants assert that Plaintiff fails to present a basis for relief under Rule 59(e) because he seeks to re-litigate issues previously decided by the Court. They also assert that the Court did not err in concluding that the allegations of the Third Amended Complaint do not establish claims based upon religious animus, and conspiracy to violate his rights under the First and Fourteenth Amendments to access the courts and to due process.

Finally, the SLMPD Defendants assert that Plaintiff fails to establish grounds for leave to further amend his complaint. They contend that Plaintiff offers no explanation for his failure to raise this evidence before the entry of the judgment in this matter and that even if the Court were to excuse his lack of diligence, that the proposed amendments would not cure the defects in Plaintiff's pleadings.

## DISCUSSION

Rule 59(e) authorizes a district court to alter or amend a judgment based upon errors of law or newly discovered evidence. *See Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012). District courts have broad discretion in determining whether to grant or deny motions to alter or amend judgment pursuant to Rule 59(e). S*ee id.* (citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Rule 59(e) does not permit a party to re-litigate matters previously resolved by the court or to raise arguments or present evidence that could have been raised prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013).

To succeed on a Rule 59(e) motion asserting new evidence, the movant must show that (1) the evidence was material, non-cumulative and discovered after the submission of the motion; (2) the movant exercised due diligence to discover the evidence before the submission of the motion; and (3) that consideration of new evidence would probably produce a different result. *See Briscoe*, 690 F.3d at 1015-16. Applying that standard here, the Court concludes that most of the grounds Plaintiff asserts in his motion to alter or amend judgment should be denied.

## I. Asserted Errors of Law

First, to the extent that Plaintiff seeks to re-litigate previously decided legal issues, the Court finds no basis to depart from its holdings with respect to due process. With respect to the claim of religious discrimination, Plaintiff's allegations of religious animus remain inadequate. Plaintiff does not identify, and the Court's review does not reveal, any factual allegations in the paragraphs of the Third Amended Complaint alleging that the SLMPD Defendants acted with religious animus. *Briscoe*, 690 F.3d at 1015; *see also* Doc. No. 100 at ¶¶42-44; 46-49; 51 54-58; 60-78. The allegations of religious animus in the Third Amended Complaint concern federal agents and police officers, including former defendants Adler and Pickering, individuals who were no longer defendants in this action at the time of the Court's challenged ruling on the motion for judgment on the pleadings. *See* Doc. No. 132 at p. 6-7. No facts alleged in Plaintiff's Third Amended Complaint suggest that the SLMPD Defendants, who are the only remaining defendants, discriminated against Plaintiff on the basis of his religious beliefs. Although there are allegations that the SLMPD Defendants acted with deliberate indifference to Plaintiff's

constitutional rights by failing to investigate, preserve evidence regarding, and sustain his IAD complaint, there are no allegations that the SLMPD Defendants were motivated by anything other than an alleged desire to protect the police officer who had obtained the search warrant. *See* Doc. No. 100 at ¶¶ 42-55, 69-70, 74 & 77. Therefore, the Court denies Plaintiff's motion to amend the judgment with respect to its conclusion that the SLMPD Defendants were not alleged to have acted with religious animus.

Similarly, with respect to the allegations of conspiracy to deprive Plaintiff of his constitutional rights under the Fourth Amendment, the Court is satisfied that its previous determination was not erroneous. The Court previously concluded that "Plaintiff does not allege that Defendants took action or reached a meeting of the minds until the time of the IAD proceeding, well after the alleged unlawful search, arrest, and Plaintiff's release from custody." *See* Doc. No. 132 at 7. There are no allegations indicating that the SLMPD Defendants had any knowledge of or involvement with the preparation of the supporting affidavit or acts taken to obtain the search warrant. Nor does Plaintiff allege that the police officers responsible for the unlawful search conspired or agreed with Defendants to falsify an affidavit, conduct an unlawful search, or arrest Plaintiff without just cause. *Id.* With respect to the timing of the events at issue, the alleged actions of the SLMPD Defendants begin with the filing of Plaintiff's IAD complaint, long after the preparation of the affidavit, issuance of the warrant and search of Plaintiff's home. *See* Doc. No. 100 at ¶42. The deposition testimony Plaintiff references as new evidence does not alter this conclusion. An awareness on the part of Mokwa and Nocchiero that the SLMPD and the JTTF were cooperating to investigate terrorism does not indicate

knowledge, much less active involvement by these Defendants in the decision to seek informants, to pursue Plaintiff as a possible informant, or to search Plaintiff's home without probable cause.

With respect to the alleged conspiracy to deprive Plaintiff of due process under the Fourteenth Amendment by failing to sustain Plaintiff's IAD complaint, the Court also is satisfied that its previous determination was not erroneous. The Court earlier ruled and continues to hold that Plaintiff had no due process right associated with the IAD proceeding. As the Court previously noted, there is no federal statutory or constitutional right to an internal affairs investigation, *cf. Sanders v. Hobbs*, No. 5:10CV00281 JLH/JTR, 2010 WL 4259485, at *2 (E. D. Ark. Oct. 4, 2010). Even if there were, the referenced language from the Saint Louis Board of Police Commissioners' website would create, at most, a protectable property interest on behalf of the police officer or other subject of the investigation and not on behalf of the complainant. Nothing about the allegedly new evidence Plaintiff cites alters this conclusion. Therefore, regardless of the nature of Defendants' alleged actions or inaction, Plaintiff cannot allege a claim for conspiracy to deprive him of his due process rights with respect to that proceeding.

However, to the extent that Plaintiff attempted to allege a claim for conspiracy to violate the First Amendment by denying him access to the courts, the Court will reconsider its prior ruling. The Court previously concluded that Plaintiff had failed adequately to allege such a conspiracy because he had "not identified a predicate claim that he was unable to pursue or a remedy that he lost," and that even if he had, he did not "identify a causal link" between the SLMPD Defendants' actions and the loss of a claim

or remedy. Doc. No. 132 at 9. The Court correctly stated that Plaintiff not only pursued, but successfully obtained relief against Pickering in *Ladd I* and that he failed to seek leave to amend his complaint in *Ladd I* to include allegations regarding the alleged destruction of evidence.

Upon further consideration, however, the Court concludes that in his Third Amended Complaint Plaintiff adequately alleges a conspiracy by the SLMPD Defendants for denial of access to the courts. The Court's earlier determination relied on its conclusion that Plaintiff failed to allege a cause of action for denial of access to the courts – distinct from his asserted right to due process in the IAD proceeding. Regardless of the truth of this fact, the Court upon reconsideration concludes that Plaintiff's allegations in ¶¶ 66-69 and 78 of the Third Amended Complaint adequately allege a claim for denial of access to the Courts. Although Plaintiff's Third Amended Complaint remains far from clear, these paragraphs may fairly be read to allege that Defendants willfully, and in concert with one another and others, failed to comply with the federal procedural rules and destroyed evidence to hinder Plaintiff's ability to pursue his court claim (presumably, *Ladd I*). *See S.L. ex rel. Lenderman v. St. Louis Metro. Police Dept. Bd. of Police Comm'rs*, 725 F.3d 843, 850-51(8th Cir. 2013) (holding that to succeed on a § 1983 conspiracy claim for denial of access to the courts, a plaintiff must show that (1) the defendants conspired to deprive him such access; (2) "at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy," and (3) he was injured by that overt act).

Fairly read, Plaintiff alleges that the SLMPD Defendants agreed to destroy evidence related to the CI and the affidavit underlying the search warrant. He further asserts that the missing or fabricated evidence prevented him from pursuing claims in his prior civil proceedings against individuals other than Pickering. These allegations are sufficient to supply the conspiracy, overt act, and injury in a manner sufficient to withstand Defendants' motion for judgment on the pleadings. *Id*. If Defendants believe, based on the evidence, they are entitled to judgment as a matter of law, their recourse is to file a motion for summary judgment.

The Court notes that despite this determination, to the extent that Plaintiff alleges that the SLMPD Defendants acted pursuant to a policy, custom or practice of the Saint Louis Board of Police Commissioners, the State of Missouri, or the City to cover up officers' use of false statements in obtaining search and seizure warrants, the Court's prior ruling stands. *See* Doc. No. 100 at ¶¶ 60, 74, 76-77. In this regard, the Court notes that in his Third Amended Complaint (see, e.g. Doc. No. 100, introductory paragraph) Plaintiff alleges claims against the SLMPD Defendants solely in their individual capacities. *See Johnson v. Douglas Cnty Med. Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690-91(1978)).

## II. New Evidence

With respect to Plaintiff's characterization of the 2010 deposition testimony as new evidence, the Court finds no basis to alter its prior ruling. As noted, Plaintiff referred to this evidence in his Third Amended Complaint, *see* Doc. No. 100 at ¶¶ 68-69, and it was available to Plaintiff at the time of the Court's ruling on the motion for

judgment on the pleadings. Plaintiff offers no reason for his failure to present this evidence prior to the entry of the Court's judgment. *Briscoe*, 690 F.3d at 1015-1016 (denying a Rule 59(e) motion due to plaintiff's failure to offer a persuasive reason for his earlier failure to advance an argument based upon deposition testimony that was part of the record at the time of the court's ruling on a summary judgment motion).

Furthermore, even if the 2010 deposition testimony Plaintiff cites was deemed "new evidence," it establishes, at most, that Defendants Mokwa and Nocchiero were generally aware of cooperation between the SLMPD and the JTTF to investigate threats of terrorism and that the SLMPD Defendants had varying recollections with respect to the conduct of the IAD proceeding. As the Court previously explained, this testimony evidences no more than vague understanding of some cooperation among law enforcement agencies and is not, without more, a basis for a claim of conspiracy. *See White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (identifying the elements of a conspiracy claim under 42 U.S.C. § 1983, as allegations "(1) that the defendant conspired with others to deprive [plaintiff] of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff"); *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 582 (8th Cir. 2006) (holding that to successfully allege conspiracy for the deprivation of constitutional rights, a plaintiff must plead with particularity facts demonstrating an agreement among the defendants).

## III. Leave to Amend

Finally, the Court finds no basis to alter its denial of Plaintiff's request for leave to file a fourth amended complaint as untimely and futile. Plaintiff's request is clearly untimely and he has not established "good cause" to amend his complaint at this late date. *Wingert & Assocs., Inc. v. Paramount Apparel Int'l, Inc.*, 458 F.3d 740, 744-45 (8th Cir. 2006) (holding that court properly denied leave to amend given party's delay in seeking such leave). Further, the Court notes that Plaintiff had the ability to amend his complaint in *Ladd I* to assert the claims he has raised in this lawsuit, but chose not to do so. Instead, he chose to file this lawsuit, and since its filing he has been given numerous opportunities to amend his complaint. Further amendment at this late date is unwarranted, and unduly prejudicial to Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter, amend, or vacate the judgment in this matter is **GRANTED in part** and **DENIED in part** as follows: (Doc. No. 136.)

    a. Plaintiff has alleged a claim for conspiracy by the SLMPD Defendants in their individual capacities to violate his First Amendment rights by denying him access to the courts. The prior judgment entered herein is hereby amended to reflect this determination and this action shall proceed on the First Amendment claim alone.

b. All other grounds for reconsideration lack merit and, to the extent that it resolves all other pending claims, the remainder of the prior judgment shall stand.

**IT IS FURTHER ORDERED**, in light of this Order, that Defendant's Motion for Bill of Costs (Doc. No. 134) is **DENIED without prejudice.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2014.